UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CREATIVE STAFFING SYSTEMS, LLC, ) | CIVIL ACTION NO.: |
| ) | 303 CV 517 (MRK) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LM INSURANCE CORPORATION AND ) | |
| LIBERTY INSURANCE CORPORATION, ) | |
| ) | |
| Defendants. ) | OCTOBER 31, 2003 |
| ) | |

## DEFENDANT LM INSURANCE CORPORATION'S ANSWER

The defendant, LM Insurance Corporation ("LM") responds to the allegations in the Second Amended Complaint of the plaintiff, Creative Staffing Systems, LLC ("Creative Staffing"), that were not challenged by way of LM's Motion to Dismiss, dated June 21, 2003.

## COUNT ONE (BREACH OF CONTRACT AS TO LM INSURANCE CORPORATION)

1. As to the allegations contained in Paragraph 1, LM does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

2. LM is an insurance company and is incorporated in the State of Iowa.

3. As to the allegations contained in Paragraph 3, LM does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

4. As to the allegations contained in Paragraph 4, LM does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

338640

5. As to the allegations contained in Paragraph 5, LM does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

6. LM admits that it agents engaged in negotiations with the plaintiff's agents regarding the plaintiff's purchase of workers' compensation coverage from LM. The remaining allegations contained in Paragraph 6 are denied.

7. The allegations contained in Paragraph 7 are denied.

8. The allegations contained in Paragraph 8 are denied.

9. The allegations contained in Paragraph 9 are denied.

10. The allegations contained in Paragraph 10 are denied.

11. The allegations contained in Paragraph 11 are denied.

12. LM admits that it issued the plaintiff an insurance policy, which had an effective date of September 1, 2001. As to the remaining allegations contained in Paragraph 12, LM does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

13. As to the allegations contained in Paragraph 13, LM does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

14. The allegations contained in Paragraph 14 are denied.

15. LM denies that the policy includes the language alleged by the plaintiff in Paragraph 15. The plaintiff has misstated the alleged policy provisions.

16. LM denies that the policy includes the quoted language alleged by the plaintiff in Paragraph 16. The plaintiff has misstated the alleged policy provisions.

17.     As to the allegations contained in Paragraph 17, LM does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

18.     LM admits that it added Oklahoma and Pennsylvania to the coverage under the policy. The remaining allegations contained in Paragraph 18 are denied.

19.     As to the remaining allegations contained in Paragraph 19, LM does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

20.     LM admits that it performed an audit of the plaintiff's records. Pursuant to the policy, LM reserved the right to audit the plaintiff's records. As to the remaining allegations contained in Paragraph 20, LM does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

21.     LM admits that the plaintiff's premium increased after the audit was performed. LM denies that the increase was "significant" as characterized by the plaintiff.

22.     LM admits that pursuant to LM standard policy and procedures, its "underwriting department" reviewed the plaintiff's request to add new work classification codes in Pennsylvania to the policy.

23.     LM admits that its agents were in contact with the plaintiff with regard to the plaintiff's possible expansion into other states. The remaining allegations contained in Paragraph 23 are denied.

24.     LM admits that it canceled the policy based on the plaintiff's "material change in business." The remaining allegations contained in Paragraph 24 are denied.

25. As to the remaining allegations contained in Paragraph 25, LM does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

26. The allegations contained in Paragraph 26 are denied.

27. The allegations contained in Paragraph 27 are denied.

28 As to that portion of Paragraph 28 that states, "Because LM breached its contract to insure Creative Staffing's employees," it is denied. As to the remaining allegations contained in Paragraph 28, LM has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

29 As to that portion of Paragraph 29 that states, "Due to LM's breach of contract," it is denied. As to the remaining allegations contained in Paragraph 28, LM has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

## COUNT TWO (BREACH OF CONTRACT AS TO LIBERTY INSURANCE CORPORATION)

The defendant, LM, does not respond to the allegations contained in Count One as they are not addressed to it.

## COUNT THREE (BREACH OF WARRANTY AS TO LM AND LIC)

LM does not respond to the allegations contained in Count Three, as these allegations are subject to LM's Motion to Dismiss, dated June 21, 2003.

## COUNT FOUR (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING AS TO LM AND LIC)

1-46.   LM's responses to the allegations in Paragraphs 1 through 46 of Count Two are hereby made answers to Paragraphs 1 through 46 of Count Four.

47-49.   The allegations contained in Paragraphs 47 through 49 of Count Three are subject to LM's Motion to Dismiss, dated June 21, 2003.

50-52.   The allegations in Paragraph 50 through 52 are denied.

53.   LM denies breaching the covenant of good faith and fair dealing. As to the remaining allegations, LM does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

## COUNT FIVE (MISREPRESENTATION AS TO LM)

LM does not respond to the allegations contained in Count Five, as these allegations are subject to LM's Motion to Dismiss, dated June 21, 2003.

## COUNT SIX (VIOLATIONS OF CUTPA AST TO LM AND LIC)

LM does not respond to the allegations contained in Count Six, as these allegations are subject to LM's Motion to Dismiss, dated June 21, 2003.

## COUNT SEVEN (VIOLATIONS OF CUIPA AST TO LM AND LIC)

LM does not respond to the allegations contained in Count Seven, as these allegations are subject to LM's Motion to Dismiss, dated June 21, 2003.

## COUNT EIGHT (TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCIES AS TO LM)

LM does not respond to the allegations contained in Count Eight, as these allegations are subject to LM's Motion to Dismiss, dated June 21, 2003.

## COUNT NINE (PROMISSORY ESTOPPEL AS TO LM)

LM does not respond to the allegations contained in Count Nine, as these allegations are subject to LM's Motion to Dismiss, dated June 21, 2003.

### SPECIAL DEFENSE

As stated in the terms of the policy, LM explicitly reserved the right to cancel the workers' compensation policy it issued to the plaintiff. Section Six D.2. states that LM "may cancel this policy."

          Respectfully submitted,
          DEFENDANT,
          LM INSURANCE CORPORATION

          By: _____
          KERRY R. CALLAHAN, ESQ.
          Federal Bar No.: ct06569
          DANIEL R. CANAVAN, ESQ.
          Federal Bar No.: ct22990
          Updike, Kelly & Spellacy, P.C.
          One State Street, P.O. Box 231277
          Hartford, CT 06123-1277
          Tel. (860) 548-2600

## **CERTIFICATION**

I hereby certify that a Copy of the foregoing has been mailed, postage prepaid, in the United States mail this 31st day of October 2003, to:

Andrew A. Cohen, Esq.
Anne K. Millham, Esq.
Letizia, Ambrose & Falls
One Church Street
New Haven, CT 06510
(203) 787-7000

By: _____
DANIEL R. CANAVAN, ESQ.
Updike, Kelly & Spellacy, P.C.

338640
35741.00021

7