UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CREATIVE STAFFING SYSTEMS, LLC, ) | CIVIL ACTION NO.: |
| ) | 303 CV 517 (MRK) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LM INSURANCE CORPORATION AND ) | |
| LIBERTY INSURANCE CORPORATION, ) | |
| ) | |
| Defendant. ) | OCTOBER 31, 2003 |
| ) | |

## DEFENDANT LIBERTY INSURANCE CORPORATION'S ANSWER

The defendant, Liberty Insurance Corporation ("LIC"), responds to the allegations contained in the Second Amended Complaint of the plaintiff, Creative Staffing Systems, LLC, ("Creative Staffing"), that were not challenged in LIC's Motion to Dismiss, dated June 21, 2003.

**COUNT ONE (BREACH OF CONTRACT AS TO LM INSURANCE CORPORATION)**

The defendant, LIC, does not respond to the allegations contained in Count One as they are not addressed to it.

**COUNT TWO (BREACH OF CONTRACT AS TO LIBERTY INSURANCE CORPORATION)**

1. As to the allegations contained in Paragraph 1, LIC does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

2. LIC is an insurance company and is incorporated in the State of Illinois.

324371

3-29. As to the allegations contained in Paragraphs 3 through 29, LIC does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

30. As to the allegations contained in Paragraph 30, the defendant does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

31. LIC admits that Creative Staffing applied to the assigned risk pool to obtain workers' compensation insurance coverage because it could not obtain coverage in the voluntary market. The remaining allegations contained in Paragraph 2 are denied.

32. As to the allegations contained in Paragraph 32, the defendant does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

33. LIC admits that Creative Staffing was randomly assigned to LIC in the assigned risk pool.

34. As to the allegations contained in Paragraph 34, the defendant does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

35. As to the allegations contained in Paragraph 35, the defendant does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

36. As to the allegations contained in Paragraph 36, the defendant does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

37. As to the allegations contained in Paragraph 37, the defendant does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

38. LIC admits that it performed an audit of Creative Staffing's records. During the audit, LIC inquired if Creative Staffing was processing payroll for the leased employees it claimed to have transferred to another entity.

39. LIC admits that Creative Staffing continued to process payroll for the leased employees it claimed to have transferred to another entity. LIC further admits that Creative Staffing declared that it had obtained other workers' compensation coverage for the leased employees from another workers' compensation insurance carrier.

40. LIC admits that it cancelled the policy. The allegations regarding the reason behind the cancellation are denied. LIC canceled the policy issued to Creative Staffing because Creative Staffing had become ineligible for coverage issued through the assigned risk pool. Creative Staffing informed LIC that it had obtained coverage in the voluntary market. Since Creative Staffing had obtained other coverage in the voluntary market, Creative Staffing was ineligible to obtain coverage from LIC through the assigned risk pool.

41. LIC demanded that Creative Staffing compensate it for the coverage that it had provided to the leased employees that Creative Staffing continued to process on its payroll records after Creative Staffing had misrepresented to LIC that there employees had been transferred to another policy.

42. As to that portion of Paragraph 42 that states, "Because LIC breached its contract to insure Creative Staffing's employees and improperly canceled Creative Staffing's assigned risk insurance for continuing to operate its leasing business with separate insurance," it is denied. As to

the remaining allegations contained in Paragraph 42, LIC has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

43. The allegations contained in Paragraph 43 are denied.

44. The allegations contained in Paragraph 44 are denied.

45. The allegations contained in Paragraph 45 are denied.

46. The portion of Paragraph 46 that states, "Due to LIC's breach of contract," is denied. As to the remaining allegations contained in Paragraph 46, LIC has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

**COUNT THREE (BREACH OF WARRANTY AS TO LM AND LIC)**

LIC does not respond to the allegations contained in Count Three, as these allegations are subject to LIC's Motion to Dismiss, dated June 21, 2003.

**COUNT FOUR (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING AS TO LM AND LIC)**

1-46. LIC's responses to the allegations in Paragraphs 1 through 46 of Count Two are hereby made answers to Paragraphs 1 through 46 of Count Four.

47-49. The allegations contained in Paragraphs 47 through 49 of Count Three are subject to LIC's Motion to Dismiss, dated June 21, 2003.

50-52. The allegations in Paragraph 50 through 52 are denied.

53. LIC denies breaching the covenant of good faith and fair dealing. As to the remaining allegations, LIC does not have sufficient knowledge or information upon which to form a belief and therefore leaves the plaintiff to its proof.

**COUNT FIVE (MISREPRESENTATION AS TO LM)**

LIC does not respond to the allegations contained in Count Five as they are not addressed to it.

**COUNT SIX (VIOLATIONS OF CUTPA AST TO LM AND LIC)**

LIC does not respond to the allegations contained in Count Six, as these allegations are subject to LIC's Motion to Dismiss, dated June 21, 2003.

**COUNT SEVEN (VIOLATIONS OF CUIPA AST TO LM AND LIC)**

LIC does not respond to the allegations contained in Count Seven, as these allegations are subject to LIC's Motion to Dismiss, dated June 21, 2003.

**COUNT EIGHT (TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCIES AS TO LM)**

LIC does not respond to the allegations contained in Count Eight as they are not addressed to it.

**COUNT NINE (PROMISSORY ESTOPPEL AS TO LM)**

LIC does not respond to the allegations contained in Count Nine as they are not addressed to it.

## FIRST SPECIAL DEFENSE

As stated in the terms of the policy, LIC explicitly reserved the right to cancel the workers' compensation policy it issued to the plaintiff. Section Six D.2. states that LIC "may cancel this policy."

**SECOND SPECIAL DEFENSE**

After the plaintiff obtained workers' compensation insurance coverage for its employees in the voluntary market, the plaintiff was no longer eligible for coverage obtained by LIC through the Workers' Compensation Insurance Plan of the State of Connecticut and therefore, LIC properly canceled the policy.  Pursuant to the National Counsel on Compensation Insurance's *Basic Manual for Workers' Compensation and Employers' Liability Insurance*, Assigned Risk Supplement – Part One: Section II. A. 9., "Any employer having voluntary coverage or an offer thereof in a state is ineligible for Plan coverage.  The assigned risk coverage terminates at the effective date of the voluntary insurance."  The National Counsel on Compensation Insurance's *Basic Manual for Workers' Compensation and Employers' Liability Insurance,* and its provisions, is incorporated into the policy that LIC issued to the plaintiff.

**COUNTERCLAIM**

1.On or about September 23, 2002, the defendant, Liberty Mutual Insurance Corporation, ("LIC") and the plaintiff, Creative Staffing Systems, LLC ("Creative Staffing"), entered into an insurance policy, identified as WC7-31S-337633-012, (the "Policy"), whereby LIC agreed to extend workers' compensation insurance coverage to Creative Staffing's temporary employees from August 1, 2002 to August 1, 2003.

2.Upon information and belief, Creative Staffing is a supplier of temporary and leased employees to various entities.

3.Under the terms of the Policy, LIC agreed to extend workers' compensation coverage to Creative Staffing's temporary employees.  LIC refused to extend workers' compensation insurance

324371
35741.00021

6

to any leased employees employed by Creative Staffing. The basic concept behind leased employees is the artificial reduction of the modification rate.

4.  Based upon classifications of Creative Staffing's temporary employees that were to be covered under the Policy and on the fact that LIC would not offer any coverage to any leased employees, LIC quoted Creative Staffing a total estimated annual premium of $60,166.

5.  LIC processed claims made by Creative Staffing employees under the Policy in August and September 2002.

6.  Thereafter, LIC became aware that Creative Staffing had been employing leased employees in violation of the Policy, which invoked the workers' compensation coverage issued by LIC to cover those leased employees and increased LIC's risk and the originally quoted estimated premiums.

7.  From September through November 2002, Creative Staffing paid LIC a portion of the premiums due under the policy.

8.  In November 2002, LIC charged Creative Staffing an increased premium for back coverage of Creative Staffing's leased employees.

9.  On December 17, 2002, LIC canceled the Policy due to Creative Staffing's employment of leased employees that invoked coverage under and in violation of the Policy.

10. On April 17, 2003, LIC issued a "Statement of Account," to Creative Staffing notifying it of the $86,903.00 in unpaid premiums and demanded payment.

11. To date, despite demand, Creative Staffing has failed, refused or neglected to tender payment to LIC in the amount of $86,903.00 in unpaid premiums.

12. Creative Staffing's failure to pay the outstanding premiums has caused substantial money damages to LIC.

**PRAYER FOR RELIEF**

**WHEREFORE**, LIC prays for money damages arising for the breach of the Lease including:

1. Damages;

2. Costs;

3. Attorney's Fees;

4. Interest; and

5. Such other relief as the Court deems just and proper.

    Respectfully submitted,
    DEFENDANT/COUNTERCLAIM PLAINTIFF,
    LIBERTY INSURANCE CORPORATION


By: _____
    KERRY R. CALLAHAN, ESQ.
    Federal Bar No.: ct06569
    DANIEL R. CANAVAN, ESQ.
    Federal Bar No.: ct22990
    Updike, Kelly & Spellacy, P.C.
    One State Street, P.O. Box 231277
    Hartford, CT  06123-1277
    Tel. (860) 548-2600

## **CERTIFICATION**

I hereby certify that a Copy of the foregoing has been mailed, postage prepaid, in the United States mail this 31st day of October 2003, to:

Andrew A. Cohen, Esq.
Anne K. Millham, Esq.
Letizia, Ambrose & Falls
One Church Street
New Haven, CT 06510
(203) 787-7000

By: _____
     DANIEL R. CANAVAN, ESQ.
     Updike, Kelly & Spellacy, P.C.